The Court,

Houston, J.,

charged the jury: That any contract or consent, by virtue of which one person enters into the possession of the lands or tenements of another, under an agreement to pay rent for the same, was a demise, and would establish the relation of landlord and tenant between them; and where no term or time was expressly limited between them, the demise or renting would be construed to be for a year, except of houses and lots usually let for a shorter term. But if in the present case there was a less time specified and agreed upon between the parties during which the renting of the premises in question was to continue, it wo.uld be a demise for that time. The jury might therefore find, if the facts proved would warrant it, that the renting in this case was for the residue of the year from the time the plaintiff entered into possession under *522 an agreement with the defendant to pay rent; or, they might even find that it was only what is termed in law a tenancy at will, to endure so long only as it should suit the' will and pleasure of the defendant to permit the plaintiff to continue in possession as his tenant; provided the jury should be satisfied from the evidence, that such was the understanding and agreement between the parties, and the plaintiff was to pay rent for the properly during the time he so occupied it.
But whether, under the facts proved, it was a demise of the premises for a year, or a less time, or at will, it was not competent for the defendant to determine it without previously serving at least three months’ notice in writing upon the tenant, the plaintiff, to leave and deliver up the possession of the premises to him at the expiration of such notice. For without such notice, no landlord can proceed, even by legal process, to recover the possession of the premises from the tenant; much less, to turn him out of possession by force and violence, without process.
As to the other point suggested, whether it is allowable for the jury in such a case, provided their verdict should be for the plaintiff, to award him damages beyond the damages actually sustained by him, we can only state the rule to be, that where theré are circumstances of aggravation attending the trespass on the part of the defendant, and the trespass itself is .gross, the jury may in their discretion award exemplary damages, if in their judgment the circumstances- of aggravation are such as to require it; of the measure of which they were the sole judges.